Cox, Hill & Thompson *v*. Wall.

The question being as to the application of payments made by defendant to plaintiffs, and the charge of the court thereon being correct, but the verdict being wrong under the evidence, a new trial should be granted.

February 24, 1890.

Application of payments. Verdict. Before Judge Smith. Talbot superior court. March term, 1889.

Cox, Hill & Thompson sued Wall on two promissory notes made by Wall to them, one for $428.22 with attorneys' fees and interest at 8 per cent., dated October

11th, 1884, and due one day after date, the other of the same date, due at the same time and for the same amount. On the latter, was a credit of $50.00, June 23d, 1885. The defendant pleaded payment in full. On the trial, the plaintiffs introduced the notes, and also an account of Wall with them, running from December 4th, 1884, to December 31st, 1885, with credits running from December 9th, 1884, to February 27th, 1886, showing a balance due on this account of $44.87.

Wall testified that he gave the notes sued on, and at the same time instructed plaintiffs to pay on them all the money subsequently remitted; and that he had remitted more than enough to pay them. After giving the notes, he traded with plaintiffs on open account, and owed them on this account. He admitted writing the letters to plaintiff, hereafter mentioned. J. H. Worrill presented to him, in July or August of 1886, the notes sued on and the account, and he asked Worrill for an extension of time, promising to pay his indebtedness. He did not then tell Worrill that the notes were paid. His son testified that he was present when the notes were given to plaintiffs, and heard his father instruct them to place on the notes as credits all the money remitted to them.

In rebuttal, a witness testified as follows: Was travelling salesman for plaintiffs. Defendant had made several payments to witness for plaintiffs since October 11th, 1884; on December 3d, 1884, $128; on June 20th, 1885, $100; on March 21st, 1885, $75; on September 8th, 1885, $60; on November 8th, 1885, $75; on February 9th, 188–, $75. He gave no instructions as to where the credits should be placed. Witness sold defendant goods for plaintiffs, at different dates after October 11th, 1884, as shown by the account above mentioned. When witness went to see him he generally sold him goods, and if defendant needed goods before

witness arrived he ordered them direct from the house. Witness took the notes sued on. On one occasion defendant paid him $50 ; witness did not have his account, and credited the payment on one of the notes. Several times when defendant made payments, witness would pull out his account and say, " Well, I put this credit on your account," and he would reply, " That's all right ; it does not make any difference to me so I get credit for it." When witness placed the credit on the note he called defendant's attention to it, and defendant replied, " That's all right, I expect to pay them up soon." He never did direct the credit of any payment that he made. All the money collected by witness from defendant was remitted to plaintiffs. On October 27th, 1884, defendant paid $153.15, of which $19.02 was credited on his account, and $143.13 on a note given by him November 10th, 1881, which paid it.

Plaintiffs introduced letters from defendant to them. On December 22d, 1884, he wrote stating that he sent by express that day $100 to go on his account. On February 9th, 1885, he wrote stating that he enclosed by express that day $100, and also sent a small order which he hoped would be filled and forwarded to him. The order was for certain whiskey, and this whiskey appears on the account mentioned. On November 6th, 1885, he wrote stating that he sent that morning by express $100, and also another order. The order was for two barrels of whiskey, one of which appears on the account. On December 30th, 1885, he wrote stating that he enclosed that day by express $150 and sent a small order, which was for a barrel of whiskey which appears on the account. On June 18th, 1886, he wrote stating that he enclosed that day by express $110. In none of these letters did he state to what the money enclosed was to be applied. On August 18th, 1886, he wrote expressing his regret that his note was sued before he was

notified; saying nothing as to not owing the notes, or as to payments not being properly applied, but stating that his intention was to pay the two notes in the fall, that he was coming to make general satisfaction "with you all," and that he would make notes to be paid in bank at the end of every thirty days until the claim was paid. Also that he hoped plaintiffs would show him some favor "about the two notes I owe you all." The account shows credits as follows: December 9th and 22d, 1884, $177; for 1885, January 24th, $100; February 10th, $100; March 24th, $75; September 14th, $60; October 21st, $100; November 7th, $100; November 26th, $75; December 31st, $150; for 1886, January 18th, $110; February 27th, $75.

The jury found for the defendant, and the plaintiff moved for a new trial on the grounds that the verdict was contrary to law and evidence. The motion was overruled, and exception was taken.

MARTIN & WORRILL and J. C. PAYNE, for plaintiffs.

WILLIS & PERSONS, by brief, for defendant.

BLANDFORD, Justice.

The question in this case in the court below was as to the application of certain payments made by the defendant in error to the plaintiffs in error. It appears that the charge of the court as to the law relating thereto was correct. Yet we are satisfied that the verdict of the jury was wrong under the evidence, and we think, therefore, that the court erred in not granting a new trial, and for that reason the judgment of the court below is                                        *Reversed*.